UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SHORTS,<br><br>    Petitioner,<br><br>v.<br><br>C. PFEIFFER,,<br><br>    Respondent. | No. 2:19-cv-0797 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition as barred by the statute of limitations. (ECF No. 17.) The motion is fully briefed. After careful consideration, the undersigned recommends that the motion be granted, and the petition be dismissed as time-barred.

I. Factual and Procedural History

In his instant federal petition, petitioner challenges his 2014 conviction of first degree murder with special circumstances, lewd acts with a minor, and sodomy and oral copulation with a victim under age 14. (ECF No. 18-1 at 1, 3 (Abstract of Judgment).) Various enhancements were also found true. (Id. at 1.) Petitioner admitted he suffered a prior conviction for aggravated assault involving great bodily injury. (ECF No. 18-2 at 4.) Petitioner was sentenced to life without the possibility of parole on the first degree murder conviction, with a consecutive ten-

1

year term for personal use of a firearm. Petitioner was sentenced to determine terms for the sex offenses, which were stayed under California Penal Code Section 654 because they were alleged as special circumstances. (ECF Nos. 18-1, 18-2.)

Petitioner filed a direct appeal. On March 6, 2017, the California Court of Appeal affirmed the judgment. (ECF No. 18-2.) Petitioner filed a petition for review in the California Supreme Court, which was denied without comment on June 14, 2017. (ECF Nos. 18-3, 18-4.)

Petitioner's first state habeas petition was filed in the Sacramento County Superior Court on August 31, 2017.[1] (ECF No. 18-5.) On September 28, 2017, the state superior court denied the petition on the merits in a reasoned decision. (ECF No. 18-6.)

Petitioner's second state habeas petition was filed in the California Court of Appeal, Third Appellate District, on November 5, 2017.[2] (ECF No. 18-7.) The second petition was denied without comment on December 14, 2017. (ECF No. 18-8.)

On November 5, 2017, petitioner filed a third state habeas petition in the California Court of Appeal, Third Appellate District. (ECF No. 18-9.) On December 15, 2017, the state court denied the third petition without comment. (ECF No. 18-10.)

On February 27, 2018, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 18-11.) On June 13, 2018, the California Supreme Court denied the petition without comment. (ECF No. 18-12.)

On May 2, 2019, petitioner filed the instant federal petition raising four grounds for relief. (ECF No. 1.) In his first three grounds, petitioner alleges he suffered the ineffective assistance of counsel based on: (a) no psychiatric expert as to the state's key witness, petitioner's ex-girlfriend; (b) no DNA tests done on over twenty crime scene items; and (c) not investigating misconduct of police and forensic scientists. (ECF No. 1 at 4-5.) In his fourth ground, petitioner argues that the consistent ineffective assistance of counsel constitutes cumulative error. (ECF No.

---

[1] All of the filing dates for petitioner's state habeas petitions were calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

[2] Respondent used November 2, 2017, the date petitioner signed the second petition. (ECF No. 17 at 2.) However, the proof of service was dated November 5, 2017. (ECF No. 18-7 at 26.)

1 at 5.)

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. The petition for review filed in the California Supreme Court was denied on June 14, 2017, and petitioner had ninety days to file a petition for writ of certiorari in the United States Supreme Court, or September 12, 2017. Petitioner did not file such petition in the Supreme Court; the

3

statute of limitations period began to run the next day, September 13, 2017. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Absent tolling, petitioner's last day to file his federal petition was on September 13, 2018. The instant petition, filed May 2, 2019, is therefore time-barred unless petitioner is entitled to statutory or equitable tolling.

III. <u>Statutory Tolling</u>

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000).

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing 'pending' during that interval." <u>Cross v. Sisto</u>, 676 F.3d 1172, 1179 (9th Cir. 2012) (citation omitted).

"[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" <u>Robinson v. Lewis</u>, 795 F.3d 926, 929 (9th Cir. 2015) (quoting <u>Evans v. Chavis</u>, 546 U.S. 189, 197-98, 210 (2006). California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. <u>Carey v. Saffold</u>, 536 U.S. 214, 222 (2002). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in <u>Evans</u> "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." <u>Robinson</u>, 795 F.3d at 929 (quoting <u>Evans</u>, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. <u>Robinson</u>, 795 F.3d at 929 (citing <u>In re Robbins</u>, 18 Cal. 4th 770,

4

780 (1998)).

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### A. Petitioner's First, Second and Third State Court Habeas Petitions

In the instant case, the statute of limitations began to run on September 13, 2017. Petitioner filed his first state habeas petition on August 31, 2017, before the limitations period commenced. Petitioner is not entitled to tolling for the days the first state habeas petition was pending before the limitation period began. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).

Petitioner is entitled to tolling from September 13, 2017, while his first state habeas petition was pending, through the filing, pendency, and December 14, 2017 decision on petitioner's second state habeas petition filed in the California Court of Appeal, because petitioner did not unreasonably delay the filing of his second state habeas petition. The statute of limitations period began running the next day, December 15, 2017.

Petitioner is not entitled to statutory tolling for the filing or pendency of his third state habeas petition because it was not properly filed in a higher court as part of a single round of habeas relief.[3] "Delhomme stands for the principle that overlapping or additional petitions have 'no effect on the already pending application.'" Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012), quoting Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), abrogated on other grounds by Evans, 546 U.S. at 197.

Therefore, following the filing of the first three petitions in state court, the statute of limitations period began on December 15, 2017, and absent additional tolling expired on December 15, 2018.

---

[3] As noted by respondent, the third state habeas petition appears to be a duplicate of the second state habeas petition. Indeed, petitioner signed both 25-page petitions on November 2, 2017, and both proofs of service are dated November 5, 2017, but the third state habeas petition includes petitioner's signed verification (ECF No. 18-9 at 27). Petitioner did not include any new claim in the third state habeas petition.

5

B. Petition Filed in the California Supreme Court

Seventy-four days elapsed between December 15, 2017, the date the California Court of Appeal denied the petition, and February 27, 2018, the date the petition was filed in the California Supreme Court. Respondent contends such delay is unreasonable because it exceeds the thirty to sixty-day time frame referenced above. (ECF No. 17 at 6.) Respondent argues that such unreasonable delay rendered the California Supreme Court petition untimely and "improperly filed," and therefore the petition ceased to be "pending" under § 2244(d)(2), meaning petitioner is not entitled to statutory tolling for the period the petition was pending in the California Supreme Court. (ECF No. 17 at 7; 23 at 5, 9.) Further, respondent argues that petitioner cannot justify his delay with reasons not presented to the state court, and his generalized claim of lack of law library access included on his state court petition failed to provide specific facts demonstrating what prevented his timely filing. (ECF No. 23 at 5-7.) Nevertheless, because petitioner's state court petitions are "nearly identical to the petition that came before it," respondent contends such delay was unreasonable on its face because petitioner only had to make a photocopy. (ECF No. 23 at 8 (collecting cases).) Thus, respondent contends the February 27, 2018 filing was untimely.

As discussed below, petitioner failed to specifically address the seventy-four day period of delay.

### 1. Interval Tolling?

Here, the California Supreme Court did not address the timeliness of the petition, and the seventy-four day delay exceeds the thirty to sixty-day gap generally considered a "reasonable time" during which the statute of limitations is tolled. See Evans, 546 U.S. at 210. Thus, this court must determine whether petitioner demonstrated good cause for his delay.

In California, the state's form habeas petition asks petitioners to "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (ECF No. 18-11 at 24.) In his California Supreme Court petition, petitioner responded: "If the co[u]rt finds there has been substantial delay in bringing this petition, the delay is attributed to lack of access to the prison law library." (ECF No. 18-11 at 24.) Petitioner provided the same response in his prior state habeas petitions. (ECF Nos. 18-5 at 21, 18-7 at 24.) However, in his opposition to the

instant motion, petitioner failed to address his delay in filing his petition in the California Supreme Court. He offered no facts to support his lack of library access claims raised in his state court petitions, and no explanation for such seventy-four day delay. (ECF No. 22). Rather, he claims he was denied access to the law library in early December of 2018, and suffered lockdowns in late 2018 through March of 2019. Because the cited incidents occurred long after his petition was denied by the California Supreme Court on June 13, 2018, such incidents cannot provide good cause for the earlier seventy-four day delay.

Due to the fact that petitioner fails to adequately explain his delay, the undersigned agrees with respondent that the seventy-four day delay was unreasonable. See Evans, 546 U.S. at 201. In addition to petitioner's failure to demonstrate good cause, the petition filed in the California Supreme Court is essentially a copy of the prior state habeas petitions, other than changing the signature dates and noting the prior court's rulings on his earlier petitions. Thus, it is unclear why petitioner could not have earlier filed his petition in the California Supreme Court. Absent an adequate explanation for petitioner's seventy-four day delay, and no indication from the California Supreme Court that the state habeas petition was timely or untimely, the undersigned finds that the seventy-four days constitute an unreasonable delay. See Hurth v. Campbell, 537 F. App'x 696, 697 (9th Cir. 2013) ("in the absence of an 'adequate explanation' we cannot see why there was 'any delay beyond the thirty-to-sixty-day range," seventy day delay unreasonable); Stancle, 692 F.3d at 956 (finding unjustified eighty-two day delay unreasonable), cert. denied, 133 S. Ct. 1465 (2013); Livermore v. Sandor, 487 F. App'x 342, 343-44 (9th Cir. 2012) (concluded delay of seventy-six days between state habeas petitions was unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding delays of eighty-one and ninety-one days were unreasonable); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. Sept. 16, 2006) (unexplained delays of ninety-seven and seventy-one days between filing state court petitions were unreasonable, such that statutory tolling was not applicable to the intervals between filings).

////

////

### 2. Tolling While Pending?

Respondent also argues that petitioner is not entitled to statutory tolling for the pendency of the petition in the California Supreme Court, relying on Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005); Bonner v. Carey, 425 F.3d 1145, 1146, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006), and Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016 (en banc). (ECF No. 17 at 7.) Petitioner failed to address respondent's argument.

Petitioner filed his petition in the California Supreme Court on February 27, 2018, before the expiration of the AEDPA statute of limitations.

In this case, the court need not decide whether or not petitioner is entitled to tolling for the 106 days his petition was pending in the California Supreme Court, because his federal petition is untimely under either scenario. If petitioner is granted tolling for the 106 days the petition was pending, by June 14, 2018 (the day after the California Supreme Court denied the petition), seventy-four days of the limitations period had run. Thus, petitioner had 291 days to file his federal petition, or until April 1, 2019. However, petitioner did not file his federal petition until May 2, 2019, exceeding the one-year statute of limitations period by 31 days.

On the other hand, if petitioner is not granted tolling for the 106 days, the limitations period ran from December 15, 2017, the day after the California Court of Appeal denied his petition, and expired on December 15, 2018. Because December 15, 2018 was a Saturday, petitioner had until December 17, 2018 to file in federal court. Petitioner did not file until May 2, 2019, exceeding the limitations period by 136 days.

Thus, either way, petitioner's federal petition was filed after the statute of limitations expired. Absent equitable tolling, respondent's motion to dismiss should be granted.

## IV. Equitable Tolling

Petitioner contends that he is entitled to equitable tolling based on his mistaken belief that he had one year from the California Supreme Court denial in which to file his federal petition; he is "illiterate in the litigation process," has been subjected to multiple prison transfers, and prison lockdowns kept petitioner from getting assistance from his "associate." (ECF No. 22 at 2.) Petitioner also discusses the merits of his claims, and asks the court to allow this action to

proceed rather than dismissing it on a "technicality."  (ECF No. 22 at 3.)  Respondent counters that petitioner's ignorance of the law, generalized references to prison transfers and lockdowns, and delayed access to petitioner's jailhouse assistant do not warrant equitable tolling.

In his sur-reply,[4] petitioner claims he had trouble locating the now-provided exhibits demonstrating he was denied access to the law library to make copies and obtain legal supplies, and argues that if he had been allowed such access, he would have met his December 2018 filing deadline.  (ECF No. 24 at 1.)  Petitioner also avers that a series of riots took place at Kern Valley State Prison ("KVSP") from late December of 2018 until around March of 2019, when "we were let off of lockdown."  (ECF No. 24 at 2.)  Petitioner provided an administrative appeal and two California Department of Corrections and Rehabilitation ("CDCR") Form 22's, all from KVSP.  (Id.)

### A. Governing Standards

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time.  Holland v. Florida, 560 U.S. 631, 645 (2010).  A habeas petitioner is only entitled to equitable tolling of the one-year statute of limitations if he shows:  "'(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).  "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier."  Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).  An "extraordinary circumstance" has been defined as an external force that is beyond the prisoner's control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "The diligence required for equitable tolling

---

[4] On October 21, 2019, after the motion to dismiss was fully briefed, petitioner filed a document entitled "Motion to Support My Response Against the Motion to Dismiss With Additional Documentation -- Exhibits."  (ECF No. 24.)  Petitioner was not authorized to file a sur-reply or any further document in support of his opposition.  However, in an abundance of caution, the undersigned has considered petitioner's unauthorized filing.

9

purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). In addition, petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since prison officials' misconduct proximately caused the late filing.'"); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

"The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight", miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). Equitable tolling is "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

B. Has Petitioner Demonstrated Extraordinary Circumstances?

1. Mistaken Belief re Deadline

In his opposition, petitioner concedes that he mistakenly believed that he had one year from June 13, 2018, the date the California Supreme Court denied his petition, in which to file his federal habeas petition. (ECF No. 22 at 2.) As argued by respondent, general ignorance of the law is not a ground for equitable tolling. "While [a habeas petitioner's] pro se status is relevant, we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." Waldron-Ramsey, 556 F.3d at 1013 n.4 (citing Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")

### 2. Identical Petitions

Importantly, as noted above, the instant petition looks identical to the petitions filed in the state courts. Although there are minor differences in the signature dates, and contain updates concerning prior court's rulings, petitioner's allegations are identical. Because the petitions are nearly identical, it is not reasonable that petitioner would require additional time to file a petition that was already prepared. See Velasquez, 639 F.3d at 968 (not reasonable that Velasquez's counsel would need excess time essentially to re-file an already-written brief); see also Waldrip, 548 F.3d at 737 (because "the December 11 petition was nearly identical to the October 31, 2001 petition . . . counsel could easily have filed it sooner than December 2002."). Here, because petitioner essentially filed his state court petition with the federal court, he could have filed such petition any time after the California Supreme Court denied the state habeas petition on June 13, 2018. But petitioner did not file the instant petition until May 2, 2019.

### 3. Limited Law Library Access and Prison Lockdowns

Petitioner also appears to argue that limited law library access or lockdowns are extraordinary circumstances that warrant equitable tolling.[5] Such claims are unavailing.

First, the undersigned is not persuaded that petitioner's inability to access the law library on one occasion in "early December" was an extraordinary circumstance that prevented petitioner from timely filing his federal petition. Petitioner does not describe the amount of law library access he did have. In his sur-reply, petitioner adds that "[b]eing denied the copies and legal in November, 2018 [he] would have met [his] Dec. 2018 filing date." (ECF No. 24 at 1.) Such incomplete sentence is unclear; it may be that petitioner meant to write December rather than November. But the appeal response reflects that petitioner was ducated to the law library on November 29, 2018 (ECF No. 24 at 15), and petitioner does not further address his situation in November of 2018. In any event, courts have found that having to wait for photocopies or having

---

[5] Petitioner also states that he has been transferred to eight different prisons in less than a four year period because of attempts on his life. (ECF No. 22 at 3.) However, petitioner does not argue that such transfers prevented him from timely filing the instant petition, but was "to enlighten the [court] of the petitioner's day to day hardships." (Id.)

11

limited access to the law library are not extraordinary circumstances.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); see also Hernandez v. Ochoa, 2011 WL 1103161, at *5 (E.D. Cal. March 22, 2011) ("the vagaries of accessing prison law libraries or obtaining current legal materials therefrom, are complaints common to the vast majority of incarcerated prisoners").

Second, petitioner states that as a result of a series of riots from late December of 2018 until around March of 2019, there were "heavy institutional lockdowns" or "lengthy back to back lock downs," from December of 2018 through late March of 2019, resulting in controlled movement.  (ECF Nos. 22 at 2, 24 at 2.)  "The petitioner and many others were not permitted to go to the law library, which kept [petitioner] from getting the assistance from [his] associate."  (ECF No. 22 at 2.)  However, as argued by respondent, "the fact that an inmate law clerk was assisting in drafting the state petition does not relieve [a petitioner] from the personal responsibility of complying with the law." Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding the availabilities of legal resources and helpers "are hardly extraordinary given the vicissitudes of prison life").  Petitioner fails to explain how the denial of the assistance of his associate prevented petitioner from timely filing the instant petition, particularly where he filed the same petition here as he filed in state court.  Also, petitioner provided no documents confirming such lockdowns occurred, or the actual lengths of such lockdowns.

Generally, "the limitations imposed by lockdowns and temporary detention in administrative segregation do not warrant equitable tolling because such limitations are 'ordinary prison limitations.'"  Redwine v. Grounds, 2013 WL 4496706 (E.D. Cal. Aug. 21, 2013) (quoting Ramirez v. Yates, 571 F.3d at 998.  "Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling."  Hernandez, 2011 WL 1103161 at *5 (citations omitted).  The court acknowledges that under certain circumstances, the complete denial of access to the prison law library may warrant the imposition of equitable tolling "if the denial is total and causes his petition's untimeliness." Jackson v. Asuncion, 2018 WL

6516032, at *6 (C.D. Cal. Aug. 31, 2018), report and recommendation adopted, 2018 WL 6507802 (C.D. Cal. Dec. 10, 2018). But petitioner has not demonstrated a total denial of law library access that caused his untimeliness. Rather, it appears petitioner miscalculated the deadline for filing his federal petition. Absent evidence demonstrating how such lockdowns prevented him from timely filing the instant petition, which is nearly identical to his state petition, petitioner fails to meet his burden. Scott v. Pliler, 2001 WL 1006824 (N.D. Cal. Aug. 17, 2001) (no equitable tolling on the basis of lockdowns where inmate failed to provide evidence concerning such lockdowns).

### C. Has Petitioner Shown Reasonable Diligence?

In opposing the instant motion, petitioner recites numerous reasons why his federal petition was delayed, but petitioner fails to set forth what steps he took to meet the statute of limitations deadline. Petitioner provides no facts or evidence to demonstrate he was reasonably diligent. After the California Supreme Court denied review on June 13, 2018, petitioner filed nothing in court until he filed the instant petition on May 2, 2019. Petitioner provided an administrative appeal he filed concerning the denial of law library access on one occasion in "early December 2018," but otherwise identifies no additional steps he took to pursue his rights. For example, during the prison lockdowns, petitioner does not set forth any actions he took to file the instant petition despite such lockdown. Also, petitioner does set forth any efforts to use the prison's paging system, or claim that he sought Priority Legal user ("PLU") status to expedite access to the law library.[6] Petitioner has not demonstrated that he diligently pursued his rights.

### D. Conclusion

Thus, the undersigned finds that petitioner did not meet his burden to demonstrate that he was reasonably diligent, or that extraordinary circumstances outside his control were the cause of his untimeliness, particularly where he concedes he believed he had a year from the California

---

[6] The CDCR's Operations Manual, Chapter § 101120.9 et seq., governs inmate access to the prison law library, and provides for law library paging when inmates are unable to access the law library, and also addresses lockdown access to the law library. Id., §§ 101120.10; 101120.10.1. See also Luna v. Soto, 2014 WL 2931108, at *7 (C.D. Cal. June 27, 2014) (describing paging services available at Kern Valley State Prison).

13

Supreme Court decision to file in federal court, and then filed the same petition here that he filed in state court. Because petitioner is not entitled to equitable tolling, his petition is barred by the statute of limitations, and respondent's motion to dismiss should be granted.

V. Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be granted; and

2. The petition for writ of habeas corpus (ECF No. 1) be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 17, 2020

/shor0797.mtd.hc.sol

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1